**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INBEV N.V./S.A., | ) |
| INBEV USA LLC, and | ) |
| ANHEUSER-BUSCH COMPANIES, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

CASE NO:  1:08-cv-01965 (JR)

JUDGE:  Robertson, James

## UNITED STATES' OPPOSITION TO THE MISSOURI
## UNITED STATES DISTRICT COURT PLAINTIFFS' MOTION TO INTERVENE

The United States opposes the motion of Missouri United States District Court Plaintiffs

("Missouri Plaintiffs") to intervene in this Tunney Act proceeding.  Missouri Plaintiffs do not

meet the applicable requirements for intervention, and the flexible procedures of the Antitrust

Procedures and Penalties Act ("APPA" or "Tunney Act"), 15 U.S.C. § 16(f), allow the Court to

obtain information to aid its public interest determination, making intervention unnecessary.

Missouri Plaintiffs' evident but ill-considered desire to have this Court advance their interests in

litigation they have brought in the United States District Court for the Eastern District of

Missouri (the "Missouri litigation") is not a valid reason to make them a party in this Court.  As

they provide no sound grounds for intervention pursuant to Rule 24 of the Federal Rules of Civil

Procedure, the Court should deny the motion.[1]

---

[1] Missouri Plaintiffs  also filed a Motion for Leave to File Further Submission in Support of
Motion for Intervention Under Seal, which was served today on the United States via the Court's
CM/ECF system.  However, Missouri Plaintiffs fail to allege how the materials they seek to file under

# I. BACKGROUND

## A.      Proceedings to date

The United States filed a Complaint in this Court on November 14, 2008, that alleged that InBev N.V./S.A.'s proposed acquisition of Anheuser-Busch Companies, Inc. ("the merger") was likely to lessen competition substantially in the market for beer in Buffalo, Rochester, and Syracuse, New York (collectively "Upstate New York") – where InBev's Labatt brand and Anheuser-Busch's Budweiser brand are two of the three largest brands of beer – in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  Compl. ¶¶ 2-6.

At the same time, the United States filed (1) a proposed Final Judgment, (2) a Hold Separate Stipulation and proposed Order ("Stipulation"), and (3) a Competitive Impact Statement, *see* 15 U.S.C. § 16(b), analyzing the violation alleged in the Complaint and the remedies in the proposed Final Judgment.  To remedy the violations alleged in the Complaint, the proposed Final Judgment requires the defendants to divest InBev USA LLC d/b/a Labatt USA and the right to brew and sell Labatt brand beer for consumption in United States to a purchaser approved by the United States.  Proposed Final Judgment §§ II(F), IV(A).

The settlement permitted defendants to proceed with the merger once the Stipulation was signed by the Court.  Stipulation § IV(C).  The Stipulation required only that defendants take certain steps to preserve the commercial viability of the assets needed to sell Labatt brand beer in

---

seal relate to their motion to intervene.  The United States will respond separately to that motion.

the United States.[2] *Id*. §§ II, V.  The Court signed the Stipulation on November 14, 2008, and the

defendants completed the acquisition on November 18, 2008.

Pursuant to the provisions of the Tunney Act, the United States published the proposed

Final Judgment and Competitive Impact Statement in the *Federal Register* on November 25,

2008, *see* 73 Fed. Reg. 71682 (2008); 15 U.S.C. §16(b), and published summaries of the terms of

the proposed Final Judgment and Competitive Impact Statement, together with directions for the

submission of written comments relating to the proposed Final Judgment, in *The Washington*

*Post* for seven days beginning on December 7, 2008 and ending on December 13, 2008, *see id.*

§ 16(c).  The comment period expires on February 11, 2009.

B.       **The Tunney Act**

Under the Tunney Act,  proposed consent judgments in antitrust cases brought by the

United States are subject to a sixty-day comment period, after which the court shall determine

whether entry of the proposed Final Judgment "is in the public interest."  15 U.S.C. § 16(e)(1).

The court's inquiry is necessarily a limited one as the government is entitled to "broad discretion

to settle with the defendant within the reaches of the public interest."  *United States v. Microsoft*

*Corp.*, 56 F.3d 1448, 1461 (D.C. Cir. 1995); *see generally United States v. SBC Commc'ns, Inc.*,

489 F. Supp. 2d 1 (D.D.C. 2007) (assessing public interest standard under the Tunney Act).

The Tunney Act sets forth a public comment process requiring that the United States

(1) publish notices in newspapers and the *Federal Register*; (2) file and publish a Competitive

---

[2]  Even though the transaction as originally proposed was likely to reduce competition only in
Upstate New York, the United States required the defendants to divest the rights and assets needed to
brew and sell Labatt brand beer throughout the United States, Proposed Final Judgment §§ II(F), IV(A),
because the United States determined that it was not practical to segregate the Labatt assets for use only
on a regional basis.

Impact Statement describing, among other things, the antitrust violation and the proposed decree; and (3) file with the Court and publish in the *Federal Register* any public comments received and the United States's response to those comments.  15 U.S.C. § 16(b)-(d).  The public comment process gives the Court, as well as the United States, the benefit of views of interested nonparties prior to making its public interest determination.

The Tunney Act enumerates factors the Court must consider in making its public interest determination.  *Id.* § 16(e)(1).  In making its public interest determination, the court's role is limited to reviewing the remedy in relationship to the violations that the United States has alleged in its Complaint, and does not authorize the court to "construct [its] own hypothetical case and then evaluate the decree against that case."  *Microsoft*, 56 F.3d at 1459.  Because the "court's authority to review the decree depends entirely on the government's exercising its prosecutorial discretion by bringing a case in the first place," it follows that "the court is only authorized to review the decree itself," and not to "effectively redraft the complaint" to inquire into other matters that the United States did not pursue.  *Id*. at 1459-60.  As this Court recently confirmed in *SBC Communications*, courts "cannot look beyond the complaint in making the public interest determination unless the complaint is drafted so narrowly as to make a mockery of judicial power."  *SBC Commc'ns*, 489 F. Supp. 2d at 15.

The Court may make its determination based on the information provided by the Complaint, proposed Final Judgment, Competitive Impact Statement, public comments, and the government's response to comments.  *See* 15 U.S.C. § 16(e)(2).  If the Court concludes that the information is insufficient, the Tunney Act provides a wide array of tools for obtaining more.  *Id.* § 16(f).  However, the Tunney Act explicitly allows the Court to enter the Final Judgment

4

without conducting an evidentiary hearing; *see id.* § 16(e)(2) ("Nothing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene.").[3]  Rather, the procedure for the public interest determination is left to the discretion of the Court.  *SBC Commc'ns*, 489 F. Supp. 2d at 11.

###    C.    The Missouri Litigation

On September 10, 2008, Missouri Plaintiffs filed a complaint in the United States District Court for Eastern District of Missouri asking the Missouri District Court to enjoin InBev's acquisition of Anheuser-Busch.  Missouri Plaintiffs Compl. at 32 (attached to Missouri Plaintiffs Mem. as Ex. 1).  That complaint alleges that the merger would eliminate InBev as a *potential* competitor to Anheuser-Busch, *id.* ¶¶ 16-18, and thereby lessen competition in a relevant market consisting of the entire United States, *id.* ¶¶ 1, 169.  In contrast, the United States' complaint alleges a loss of actual competition in three local geographic markets (Buffalo, Rochester, and Syracuse, New York), Compl. ¶ 19, due to the loss of competition between the Budweiser and Labatt brands, *id.* ¶¶ 23-24.

Nearly two months after filing their complaint, Missouri Plaintiffs filed a motion for preliminary injunction.  *See Ginsberg v. InBev SA/NV*, No. 4:08CV01375, 2008 WL 4965859, at *1 (E.D.Mo. Nov. 18, 2008).  The Missouri District Court held that Missouri Plaintiffs'

---

[3] *See United States v. Enova Corp.*, 107 F. Supp. 2d 10, 17 (D.D.C. 2000) (noting that the "Tunney Act expressly allows the court to make its public interest determination on the basis of the competitive impact statement and response to comments alone"); *United States v. Mid-Am. Dairymen, Inc.*, 1977-1 Trade Cas. (CCH) ¶ 61,508, at 71,980 (W.D. Mo. 1977) ("Absent a showing of corrupt failure of the government to discharge its duty, the Court, in making its public interest finding, should . . . carefully consider the explanations of the government in the competitive impact statement and its responses to comments in order to determine whether those explanations are reasonable under the circumstances."); S. Rep. No. 93-298, 93d Cong., 1st Sess., at 6 (1973) ("Where the public interest can be meaningfully evaluated simply on the basis of briefs and oral arguments, that is the approach that should be utilized.").

"characterization [of InBev] as a perceived potential or actual potential competitor in the U.S.

beer market [is] purely speculative and the evidence presented is insufficient to warrant granting

[Missouri] Plaintiffs' Motion for Preliminary Injunction or holding a hearing regarding their

Motion." *Id*. at *4.  The court held further that "the evidence presented demonstrates that it is

overwhelmingly likely that Plaintiffs cannot succeed on the merits of their case . . . ." *Id*.

Accordingly, the Missouri District Court denied Missouri Plaintiffs' motion for preliminary

injunction. *Id*.

## II.  ARGUMENT

Missouri Plaintiffs, consumers and purchasers of Anheuser-Busch beers, seek

intervention here pursuant to either Fed. R. Civ. P. 24(a)(2) (intervention as of right) or Fed. R.

Civ. P. 24(b)(1) (permissive intervention).  But they do not qualify for intervention of right and

provide no sound reason for granting permissive intervention.

Missouri Plaintiffs moved to intervene in this Tunney Act proceeding to "challenge[] the

merger as being against public interest and illegal."  Missouri United States District Court

Plaintiffs' Memorandum of Points and Authorities ("Missouri Plaintiffs Mem.") at 1.  However,

whether the merger of InBev and Anheuser-Busch is "against public interest and illegal" is not

before this Court in this Tunney Act proceeding (but is before the Missouri District Court in a

proceeding brought by Missouri Plaintiffs, a proceeding in which the Missouri District Court

denied a preliminary injunction, *Ginsberg v. InBev SA/NV*, No. 4:08CV01375, 2008 WL

4965859, at *4 (E.D.Mo. Nov. 18, 2008) (concluding "it is overwhelmingly likely that Plaintiffs

cannot succeed on the merits of their case . . . .")).  A Tunney Act proceeding is not a trial on the

merits of the government's complaint.  Rather, it is a statutory proceeding to determine whether

6

it would be in the public interest for the Court to enter the proposed Final Judgment, 15 U.S.C.

§ 16(e), which on its face takes no position respecting the lawfulness of the merger, *see* Proposed

Final Judgment at 1 (stating that the Final Judgment is entered "without trial or adjudication of

any issue of fact or law" and does not "constitut[e] any evidence against or admission by any

party regarding any issue of fact or law").  In essence, the Court's determination properly focuses

on whether the settlement, as embodied in the proposed Final Judgment, adequately remedies the

violation alleged in the Complaint, 15 U.S.C. § 16(e); *see also Microsoft*, 56 F.3d at 1459-60, a

lessening of competition in the market for beer in Upstate New York.

Missouri Plaintiffs have identified no cognizable interest of theirs that would be affected

by that determination.  Missouri Plaintiffs' case in the Missouri District Court is entirely distinct

from this matter; they allege a different relevant market, theory of harm, and anticompetitive

effects than the United States pled in its complaint.  *Compare* Missouri Plaintiffs Complaint ¶¶ 1,

16-17 (attached to Missouri Plaintiffs Mem. as Ex. 1) (alleging harm in a nationwide geographic

market due to the loss of a potential competitor (InBev)) *with* Compl. ¶ 6 (alleging a loss of

competition in Upstate New York due to the loss of actual competition between the Budweiser

and Labatt brands).

Further, Missouri Plaintiffs have not identified any respect in which their intervention

would aid the Court's determination or enhance judicial efficiency in resolving the matter at

issue in this Tunney Act proceeding.  Missouri Plaintiffs argue that the Court should allow them

to intervene so they can submit certain confidential documents.  Missouri Plaintiffs Mem. at 6.

Missouri Plaintiffs make no attempt, however, to explain how the evidence they hope to

introduce is related to the issue that is actually before this Court – whether the Final Judgment is in the public interest.  Accordingly, the Court should reject their motion.

A.     **Missouri Plaintiffs Are Not Entitled to Intervene As of Right In This Tunney Act Proceeding**

Missouri Plaintiffs do not qualify for intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  That Rule provides that,

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(b).

Missouri Plaintiffs appear to claim that this Court's entry of the Final Judgment would impair their ability to protect whatever interests they seek to protect in the Missouri litigation, because entry could affect the status of the closing of the merger.  Missouri Plaintiffs Mem. at 4, 10.  But that is plainly incorrect.  InBev consummated its acquisition of Anheuser-Busch more than two months ago, as allowed by the Hold Separate Stipulation and Order that this Court signed on November 14, 2008.  Further, the Missouri District Court has already rejected Missouri Plaintiffs' efforts to prevent the closing of the merger when it denied Missouri Plaintiffs' motion for a preliminary injunction.  *See Ginsberg v. InBev SA/NV*, No. 4:08CV01375, 2008 WL 4965859, at *4 (E.D.Mo. Nov. 18, 2008).

Accordingly, entering the Final Judgment in this proceeding would have no effect on consummation of the transaction.  Nor would it determine any issue in dispute in the Missouri litigation.  And were the Court to refuse to enter the proposed Final Judgment, that would also

8

not affect the Missouri litigation, because the Missouri complaint alleges a violation substantially broader than a likely lessening of competition in Upstate New York.[4]

## B.     Missouri Plaintiffs Do Not Meet Rule 24's Requirements for Permissive Intervention

Missouri Plaintiffs also seek permissive intervention under Rule 24(b)(1). That Rule authorizes a court to "permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1), so long as intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Rule 24(b)(1)(A) is inapplicable because the Tunney Act does not confer a right to intervene;[5] Missouri Plaintiffs do not suggest the contrary.

In addition, Missouri Plaintiffs do not identify any question of law or fact that is common to this Tunney Act proceeding and the Missouri litigation. Indeed, even if the settlement here were abandoned and the government's complaint litigated, any commonality between the Missouri litigation and the litigation here would no doubt be trivial, because the government alleged only a likely lessening of competition in Upstate New York. Thus, the Missouri Plaintiffs do not qualify for permissive intervention either.

---

[4] Missouri Plaintiffs cannot base intervention as of right on their general interests as beer consumers. Any of the proposed interveners give no indication that they purchase beer in the Upstate New York market, the only market affected by the violation alleged here.

[5] *See United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319139, at *2 (denying a Rule 24(b)(1) motion because it "ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a 'conditional right to intervene'") (citing *Massachusetts Sch. of Law v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997)); *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (stating the Tunney Act "does not confer any *right* to intervene, conditional or otherwise"); *see also* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to . . . permit anyone to intervene.").

Even ignoring the lack of common issues of law or fact, the Court should not exercise its discretion to permit intervention under Rule 24(b)(1)(B).  Missouri Plaintiffs have not established that its participation "would aid the court in making its public interest determination under the APPA."  *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984).  Neither have Missouri Plaintiffs demonstrated that the government acted in bad faith or with neglect in protecting the public interest, a normal prerequisite to permissive intervention.  Further, Missouri Plaintiffs' intervention inevitably would unduly delay this proceeding, to the potential detriment of consumers.

**1.     Intervention Will Not Aid the Court**

A "would-be intervenor must first establish that its participation would aid the court," *Massachusetts School of Law*, 118 F.3d at 783.  The Missouri Plaintiffs have not so established. The only reason they provide for believing the Tunney Act's statutory procedures for public notice and comment on the proposed settlement, not to mention the flexible array of information gathering tools the Act provides for the Court's discretionary use, 15 U.S.C. § 16(f), to be inadequate is that they have been unable to persuade the Missouri District Court to remove restrictions on their use of unspecified evidence they for some reason think this Court might find useful.  Missouri Plaintiffs Mem. at 3.  Missouri Plaintiffs make no attempt to explain how this information is likely to speak to the adequacy of the Final Judgment to protect beer competition in Upstate New York.  Instead, Missouri Plaintiffs merely offer the conclusory assertion that the confidential documents relate to "the legality and the public interest of the merger."  *Id*.  Even if true, as discussed above, this does not warrant granting the Missouri Plaintiff's motion because the overall legality and effects of the merger are not at issue in these Tunney Act proceedings.

In any event, the Court will have ample opportunity later, after reviewing the materials the Tunney Act provides for it to receive (including any comments Missouri Plaintiffs may submit), to consider whether it needs additional information to inform its public interest determination and, if so, the Court should use the "least complicated and least time-consuming means possible" for acquiring that information, S. Rep. No. 93-298, at 6-7 (1973)).  If other means than intervention suffice, they should be used instead of intervention.  *See G. Heileman Brewing*, 563 F. Supp. at 647 (denying intervention in part because movants had not "shown that the APPA's third-party comment procedure is an inadequate means to apprise the Court of their complaints about the Final Judgment"); *United States v. Stroh Brewery Co.*, Civ. Action No. 82-1059, 1982 WL 1852, at *2 (D.D.C. June 8, 1982) (comment procedures afforded adequate means of informing the court).  Missouri Plaintiffs fail to explain why means short of intervention would not suffice.

## 2.  Missouri Plaintiffs' Failure to Show Governmental Bad Faith or Prosecutorial Neglect Bars Permissive Intervention

"A private party generally will not be permitted to intervene in government antitrust litigation absent some strong showing that the government is not vigorously and faithfully representing the public interest" in reaching the proposed final judgment.  *United States v. Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978) (quoted with approval by *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 783 (D.C. Cir. 1997)).

Missouri Plaintiffs have not demonstrated or even asserted any fact that indicates that the United States acted in bad faith or engaged in malfeasance.  Further, contrary to the implications of their motion, "disagreement with the wisdom of the United States' decision concerning the

11

adequacy of proposed relief does not indicate inadequate representation of the public interest."
*See United States v. G. Heileman Brewing*, 563 F. Supp. 642, 648 (D. Del. 1983).

      **3.**      **The United States Well Represents the Public Interest**

      It is well established that "[i]n federal antitrust litigation, it is the United States, not
private parties, which 'must alone speak for the public interest.'" *G. Heileman Brewing*, 563 F.
Supp. at 649, (quoting *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42, 49
(1925)). Missouri Plaintiffs have the opportunity to submit comments explaining their views on
why they believe the proposed Final Judgment should not be entered. By seeking *intervention*,
Missouri Plaintiffs would impermissibly take upon themselves the role reserved exclusively to
the United States in antitrust cases. Missouri Plaintiffs must "stand as any other member of the
public. They are not entitled to intervene simply to advance their own ideas of what the public
interest requires." *G. Heileman Brewing*, 563 F. Supp. at 648; *accord United States v. Bechtel
Corp.*, 648 F.2d 660, 666 (9th Cir. 1981). Thus, "courts have consistently denied intervention to
private parties whose views about the proper terms for an antitrust settlement differed from those
of the United States." *See, e.g., G. Heileman Brewing*, 563 F. Supp. at 648.

      **4.**      **Missouri Plaintiffs' Intervention Will Unduly Delay This Limited Proceeding**

      The Court should also deny Missouri Plaintiffs' motion because intervention would cause
undue delay in this matter. Indeed, delay is the Missouri Plaintiffs' explicit *purpose.* They
proclaim at the outset that they are seeking to intervene "for the purpose of requesting a stay of
this action and requesting this court to refrain from signing the Final Judgment in the case at bar,
until the completion of the trial on the merits on the Complaint for Injunction pending in the
Missouri District Court" and "for the purpose of challenging the merger." Missouri Plaintiffs

Mem. at 1.  That trial is scheduled to *begin* more than a year from now.  *See* Missouri Plaintiffs

Mem. at 4 (trial scheduled for February 1, 2010).  Such a delay could harm consumers by

postponing effective relief of the harm alleged in the Complaint, because defendants are not

required to divest InBev USA until five days after notice of entry of the Final Judgment.

Proposed Final Judgment § IV(A).  Furthermore, Missouri Plaintiffs have alleged no facts that

indicate that such an extraordinary delay in this Tunney Act proceeding is warranted, or indeed

would serve any useful purpose at all.  *Cf. G. Heileman Brewing*, 563 F. Supp. at 650 ("[I]n the

absence of a showing of bad faith or malfeasance, the potential for unwarranted delay and

prejudice to the original parties implicit in third-party participation clearly outweighed any

benefit that might have accrued from it.") (citing *United States v. The Stroh Brewery Co.*, 1982-2

Trade Cas. (CCH) ¶ 64,804, at 71,960 (D.D.C. 1982)).

5. **Even if Missouri Plaintiffs Satisfy the Requirements for Intervention, the Court Should Deny Intervention as a Matter of Discretion.**

  Missouri Plaintiffs have not shown why intervention should be preferred to the other

avenues of participation available under the Tunney Act.  Pursuant to the Act, interested

observers such as Missouri Plaintiffs have an opportunity to make their views known to the

Court via public comments, and the Court, if it thinks appropriate, may allow them to submit

further comments, or play any number of additional roles in the proceedings.  Absent any reason

that intervention would be a superior alternative, the Court should deny it.

  Courts recognize that the Tunney Act provides ample opportunities for participation and,

therefore, routinely deny intervention in Tunney Act proceedings in district court, even while

allowing participation, such as various filings and argument, in appropriate cases without

intervention.  For example, Judge Greene denied all motions to intervene in the public interest

13

determination phase of the *AT&T* case. *United States v. AT&T Co.*, 552 F. Supp. 131, 146 n.61, 218 (D.D.C. 1982) ("The order [denying several motions to intervene] explained that . . . it was premature to allow anyone to intervene because the public comment procedures provided ample protection for all legitimate interests at that stage of the proceedings"); *see also United States v. Thomson Corp.*, Civ. Action No. 96-1415 (PLF), 1996 WL 554557 (D.D.C. Sept. 25, 1996) (denying intervention in part because movant "already has had numerous opportunities to provide otherwise overlooked information through . . . through the submission of public comments under the Tunney Act," but permitting amicus participation); *cf. United States v. Microsoft Corp.*, No. 98-1232 (CKK), 2002 WL 319366 (D.D.C. Mar. 4, 2002) (denying SBC's motion to intervene, but granting limited participation as amicus); *United States v. Microsoft Corp.*, No. 98-1232 (CKK), 2002 WL 319139 (D.D.C. Mar. 4, 2002) (denying similar CCIA motion to intervene).

After the Court has before it the normal Tunney Act materials – Complaint, proposed Final Judgment, Competitive Impact Statement, comments, and the United States' Response to Comments – the Court should have sufficient information to conclude that the proposed Final Judgment is in the public interest.  If the Court believes it needs additional information, the options available to it under the Tunney Act are more than adequate to inform the Court without intervention.

### III.  Conclusion

This Tunney Act proceeding will determine whether the remedy negotiated by the parties and presented to the Court adequately resolves the harm alleged in the Complaint, and does so in a way that does not positively injure third parties.  The Court does not yet have before it either the public comments, or the United States' Response to Comments.  The United States believes

14

that with these materials, and the others for which the Tunney Act provides, the Court will have

sufficient information to conclude that entry of the proposed Final Judgment is in the public

interest.  However, if after reviewing the filed materials, the Court believes it needs additional

information, the Tunney Act gives it a variety of tools for obtaining that information.  Thus,

granting intervention provides no benefits, but risks unnecessary complication and delay that will

harm New York consumers.  Accordingly, the Court should deny the Missouri Plaintiffs' motion.


Respectfully submitted,


    /s/ Mitchell H. Glende
Mitchell H. Glende
U.S. Department of Justice
Antitrust Division, Litigation I Section
1401 H Street, NW, Suite 4000
Washington, DC  20530
(202) 353-3106
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2009, I caused a copy of the foregoing United States' Opposition to the Missouri United States District Court Plaintiffs' Motion to Intervene to be sent to the attorneys listed below:

FOR DEFENDANTS
INBEV N.V./S.A. and
INBEV USA LLC

Yvonne S. Quinn
Sullivan & Cromwell LLP
125 Broad Street
New York, NY


FOR DEFENDANT
ANHEUSER-BUSCH COMPANIES, INC.

Bradley P. Smith
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

FOR MISSOURI UNITED STATES
DISTRICT COURT PLAINTIFFS

Theodore F. Schwartz (DC Bar No. 062125)
Law Offices of Theodore F. Schwartz
230 South Bemiston, Suite 1010
Clayton, MO 63105

I further certify that copies of the United States' Opposition to the Missouri United States District Court Plaintiffs' Motion to Intervene were served via the Court's ECF system on all counsel registered for ECF in this case.

_____/s/_____
Mitchell H. Glende
U.S. Department of Justice
Antitrust Division, Litigation I Section
1401 H Street, NW, Suite 4000
Washington, DC  20530
(202) 353-3106
Attorney for the United States