**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>INBEV N.V./S.A.,<br><br>INBEV USA LLC d/b/a LABATT USA, and<br><br>ANHEUSER-BUSCH COMPANIES, INC.,<br><br>         Defendants. | Case:  1:08-cv-01965 (JR)<br><br>The Hon. James Robertson |

**RESPONSE OF ANHEUSER-BUSCH INBEV N.V./S.A., INBEV USA LLC D/B/A LABATT USA AND ANHEUSER-BUSCH COMPANIES, INC. TO THE *GINSBURG* PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

On January 29, 2009, defendants[1] were served with another motion filed by the plaintiffs in *Ginsburg, et al.* v. *InBev N.V./S.A., et al.* ("*Ginsburg*"), a private antitrust action brought in the United States District Court for the Eastern District of Missouri.[2] The *Ginsburg* plaintiffs seek leave of the Court to file under seal the motion papers and accompanying appendices that they previously filed under seal with the U.S. Court of Appeals for the Eighth Circuit in connection with their request for an "emergency" injunction pending their putative

---

[1] Defendants are InBev N.V./S.A. ("InBev") n/k/a Anheuser-Busch InBev N.V./S.A.; InBev USA LLC ("IUSA") d/b/a Labatt USA; and Anheuser-Busch Companies, Inc. ("Anheuser-Busch").

[2] Again, the *Ginsburg* plaintiffs filed their motion without first conferring with defendants as is required by Local Rule 7(m). In addition, although their motion papers are dated January 22, 2009, defendants did not receive them until yesterday.

appeal from several orders issued by District Court Judge Jean C. Hamilton in St. Louis.  As defendants have noted in their brief in opposition to the *Ginsburg* plaintiffs' motion to intervene in this case ("Defendants' Opposition"), which was filed yesterday, the Eighth Circuit summarily denied the *Ginsburg* plaintiffs' motion for an injunction on January 26, 2009.

The *Ginsburg* plaintiffs' latest motion – and the voluminous materials they have lodged under seal with the Clerk of the Court – underscores the substantial risk that permitting the *Ginsburg* plaintiffs to intervene in this case will unduly delay the prompt completion of this Tunney Act proceeding.  Judge Hamilton and now a panel of Judges on the Eighth Circuit are reviewing the private and very different antitrust claims that have been asserted by the *Ginsburg* plaintiffs.  There is no benefit to be derived from flooding this Court's docket with pleadings and submissions that are being addressed by other courts and, as set forth more fully in Defendants' Opposition, that are not relevant to this Court's review of the Proposed Final Judgment.

Moreover, in their motion to intervene in this case, the *Ginsburg* plaintiffs told this Court that this Tunney Act proceeding should be delayed by a year or more because they were in possession of "evidence and arguments" that this Court "has not and will not have the opportunity to review . . . due to the current confidential status of the evidence."[3]  The *Ginsburg* plaintiffs now ignore this and seek to file with this Court highly confidential information that appears in their Eight Circuit motion and appendices.  The Court should not countenance such an about-face. Having told the Court that they are prohibited from filing confidential information, and having not obtained the Court's permission to intervene in this action, the *Ginsburg* plaintiffs should not be granted leave to file *any* of the materials that they have lodged under seal.  Those materials instead should be returned to them.

Alternatively, should the Court determine, in its discretion, to permit the *Ginsburg* plaintiffs to file the materials for which they seek permission, defendants agree that these materials should be filed under seal because they contain confidential, proprietary and sensitive commercial information.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court deny the *Ginsburg* plaintiffs' request for leave to file the materials that have been lodged with the Clerk of the Court, or, alternatively, that the Court grant the motion for leave to file these materials on the condition that they be filed under seal to maintain confidential information contained in them.

Dated: New York, New York
       January 30, 2009

Respectfully submitted,

/s/ Yvonne S. Quinn
Yvonne S. Quinn (admitted *pro hac vice*)
/s/ Julia M. Jordan
Julia M. Jordan (D.C. Bar No. 490333)
/s/ Bradley P. Smith
Bradley P. Smith (D.C. Bar No. 468060)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000 (telephone)
(212) 558-3588 (facsimile)

*Counsel for InBev N.V./S.A. n/k/a Anheuser-Busch InBev N.V./S.A., InBev USA LLC d/b/a Labatt USA and Anheuser-Busch Companies, Inc.*

---

[3] (Missouri United States District Court Plaintiffs' Motion To Intervene under Fed. R. Civ. Pro. 24(a)(2) and (b)(1), Docket No. 13, filed Jan. 15, 2009 ("Pls.' Mot.") 1.)

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2009, I caused true and correct copies of the Response of Anheuser-Busch InBev N.V./S.A., InBev USA LLC d/b/a Labatt USA and Anheuser-Busch Companies, Inc. to the *Ginsburg* Plaintiffs' Motion for Leave To File Documents Under Seal, to be served on:

Mitchell H. Glende, Esq.
U.S. Department of Justice, Antitrust Division
1401 H Street, N.W.
Suite 4000
Washington, D.C. 20530
(Via U.S. Mail)

Joshua H. Soven, Esq.
Chief, Litigation Section I
U.S. Department of Justice, Antitrust Division
1401 H Street, N.W.
Suite 4000
Washington, D.C. 20530
(Via U.S. Mail)

Theodore F. Schwartz
Law Offices of Theodore F. Schwartz
230, South Bemistan
Suite 1010
Clayton, Missouri 63105-1913
(Via U.S. Mail)

I further certify that true and correct copies of the foregoing were served via the Court's ECF system upon all counsel registered for ECF in this case.

/s/ Stanley Roberts
Stanley Roberts